IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CITY OF FAIRVIEW HEIGHTS, individually )
and on behalf of all others similarly situated, )
                                                       )
                      Plaintiff, )
v.                                   )    No. 05-840-DRH-DGW
                                                     )
ORBITZ, INC., et al.                      )
                      Defendants. )

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Orbitz, Inc., Orbitz, LLC, Internetwork Publishing Corp. (d/b/a/ Lodging.com), Cheap Tickets, Inc., Cendant Travel Distribution Services Group, Inc., Hotels.com, L.P., Hotels.com GP, LLC, Hotwire, Inc., Expedia, Inc., Lowestfare.com Inc., priceline.com Inc., Site59.com, LLC, Travelocity.com, Inc., Travelocity.com, L.P., Travelweb LLC, and TravelNow.com, Inc. (collectively "Defendants") hereby move to dismiss the Complaint. In support of this motion, Defendants submit the following Memorandum of Law in Support of Their Motion to Dismiss.

**INTRODUCTION**

Plaintiff, the City of Fairview Heights ("Plaintiff" or the "City") filed a four-count Complaint against Defendants, online travel companies that offer reservation services to consumers. Defendants do not "rent," "sell," or "resell" hotel rooms. Rather, Defendants facilitate the making of hotel reservations by consumers. Defendants do not charge customers for, collect, or remit taxes as described by the City in the Complaint. Rather, Defendants charge a customer an amount that covers the room rate charged by the hotel, an amount to recover the hotel tax which is collected and remitted by the hotel, and compensation to the Defendant for its online services.

The City's Complaint seeks a novel expansion of the tax law that would impose the City's Hotel Tax Ordinance (the "Ordinance") on all of these amounts, and not just the room rate charged by the hotel. This claim is based on the faulty premise that the Ordinance somehow applies to Defendants and that they should be remitting taxes under the Ordinance (the "Hotel Taxes") to the City.[1] Moreover, in order to request awards of attorneys' fees and punitive damages, Plaintiff has also inflated its claim under the Ordinance into claims alleging consumer fraud, conversion, and unjust enrichment.

The entire Complaint fails as a matter of law. Count I, brought under the Ordinance itself, must be dismissed because the Complaint fails to make the fundamental allegations establishing that Defendants are obligated to collect and remit the Hotel Tax under the Ordinance. Moreover, even if Plaintiff could make allegations of such an obligation, the Ordinance is not even enforceable because the City has relinquished any power it had to impose the tax it seeks to enforce. Additional grounds exist for dismissing Plaintiff's common law claims in Counts II-IV. The Court should dismiss: (1) Count II because Plaintiff does not have standing to bring a claim for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (2) Count III because an obligation to pay taxes is not an identifiable fund that is subject to conversion, and Plaintiff failed to make a demand for the allegedly converted monies; and (3) Count IV because Defendants did not unjustly retain any benefit belonging to Plaintiff.

---

[1] This suit is the first notice to Defendants that the City claims Defendants should have collected Hotel Tax on their compensation for making hotel reservations. Prior to the suit, the City made no inquiry with Defendants, conducted no audit, and made no tax assessment. In short, this suit seeks to collect tax liabilities that have never been investigated, audited, or assessed.

## THE COMPLAINT'S ALLEGATIONS[2]

Plaintiff alleges that Defendants are online sellers and/or online resellers of hotel rooms. (Compl. ¶ 24.) Plaintiff asserts that Defendants sell hotel rooms by first contracting with hotels for rooms, then selling the rooms to members of the public, who actually occupy the rooms. (Compl. ¶ 27.) The Complaint alleges that Defendants contract for the rooms at a net rate and sell the rooms at a higher, gross rate. (Compl. ¶ 28.) Plaintiff claims that Defendants calculate and collect the Hotel Tax from their customers based on the gross rate charged to the customers, but remit the Hotel Tax to Plaintiff based on the net rate charged by the hotels. (Compl. ¶ 28.)

Based upon the foregoing allegations, Plaintiff filed its Complaint on behalf of itself and a putative class of "all other Illinois municipalities and counties that impose taxes on hotel[s] and motels within their jurisdiction." (Compl. ¶ 1.) Plaintiff alleges that Defendants violated the Ordinance and "substantially similar laws" enacted by other putative class members by not collecting and remitting all the taxes due. (Compl. ¶¶ 40, 41.) However, Plaintiff does not specifically identify these "substantially similar laws" that Defendant allegedly violated. Plaintiff also asserts claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count II), conversion (Count III), and unjust enrichment (Count IV).

## ARGUMENT

### I.  LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS.

Rule 12(b)(6) mandates dismissal where, accepting plaintiff's "factual allegations" in the complaint as true and drawing all reasonable inferences in plaintiff's favor, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997); *Fedders Corp. v. Elite Classics*, 279 F. Supp. 2d 965, 967 (S.D. Ill. 2003). "[A] complaint must contain facts sufficient

---

[2] Defendants accept, as they must, the factual allegations of Plaintiff's Complaint as true solely for purposes of its Rule 12(b)(6) Motion and this supporting Memorandum.

to state a claim as a matter of law," but the court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 657-58 (7th Cir. 2002). Furthermore, a plaintiff cannot satisfy federal pleading requirements merely by attaching bare legal conclusions to narrated facts which fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

## II. COUNT I FAILS TO STATE A CLAIM BECAUSE IT DOES NOT ALLEGE FACTS ESTABLISHING DEFENDANTS WERE SUBJECT TO THE ORDINANCE, THAT DEFENDANTS VIOLATED THE ORDINANCE, OR THAT THE ORDINANCE IS ENFORCEABLE.

In Count I, Plaintiff alleges that Defendants violated the Ordinance by failing to "collect and remit tax to Plaintiff and other Class members" the amounts due and owing to them under the Ordinance. (Compl. ¶¶ 40-41.) The Ordinance imposes a 5% sales tax on the privilege of being a guest in a hotel: "There is hereby levied and imposed a tax of five percent (5%) of the rent charged for the privilege and use of renting a hotel or motel room within the City of Fairview Heights." ORDINANCE § 36-2-2. The Hotel Tax is imposed on the guest: "The ultimate incidence of, and liability for payment of said tax is to be borne by the person who seeks the privilege of occupying the hotel or motel room, said person hereinafter referred to as 'renter.'" FAIRVIEW HEIGHTS, ILLINOIS ORDINANCE (hereinafter, "ORDINANCE") § 36-2-3 (B). Although the tax falls on the hotel guest, it is the owner of the hotel that is subject to the duty to collect and remit the Hotel Tax. ORDINANCE § 36-2-3(C) ("It shall be the duty of the owner of every hotel or motel to secure said tax from the renter of the motel or hotel room. . . .").

Count I fails to state a claim for three reasons. First, the facts alleged in the Complaint do not establish that Defendants are hotel owners who are subject to the duty to collect the Hotel Tax under the Ordinance. Second, the allegations show that Plaintiff received all Hotel Taxes due and thus fail to show a violation of the Ordinance. Finally, apart from the fact that the Complaint fails to allege that the tax was underpaid in violation of the Ordinance, the tax is not

- 4 -

enforceable because the City has expressly renounced its power to impose a tax on the privilege of using a hotel room.

### A. Count I Fails Because No Facts Alleged Establish Defendants Are "Owners" Under the Ordinance.

The duty to collect and remit the Hotel Tax is imposed exclusively on the owner of the hotel. *See* ORDINANCE § 36-2-3(C). The Ordinance defines "owner" as "any person having ***an ownership interest in***, ***conducting the operation of a hotel or motel room, or receiving the consideration for the rental of such hotel or motel room***." ORDINANCE § 36-2-1(B) (emphasis added). Plaintiff fails to allege facts that, if proved, would qualify Defendants as owners of hotels. Without being subject to a duty to collect and remit the Hotel Tax, Defendants cannot have liability.

#### 1. Plaintiff Fails to Allege Facts Showing Defendants Have Ownership Interests in any Hotels.

Based on Plaintiff's allegations, Defendants do not fall within the Ordinance's definition of "owner" under the first category of the definition. Defendants are not alleged to have an "ownership interest" in any hotels. To the contrary, Plaintiff alleges Defendants "own or operate internet travel sites" (Compl. ¶ 1) and "contract with hotels for rooms" (Compl. ¶ 27.) These allegations fail to establish that Defendants have a hotel ownership interest because the City admits that Defendants must contract with the hotels for rooms.

#### 2. Plaintiff Fails to Allege Facts Showing Defendants Conduct "The Operation of a Hotel or Motel Room."

Assuming all of the alleged facts are true, Defendants do not fall within the Ordinance's definition of owner as persons "conducting the operation of a hotel or motel room." This

language describes persons who manage or direct the day-to-day matters of the hotel rooms.[3] *See* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 240, 815 (10th ed. 1993) (in relevant part defining "conduct" as "to direct the performance of," and defining "operation" as "performance of a practical work" or "a method or manner of functioning").  The Complaint does not allege Defendants have any role in such day-to-day operations, and it does not allege any facts showing Defendants would even be capable of conducting such operations.  Defendants are alleged to operate Internet travel sites and be "on-line sellers and/or on-line resellers of hotel rooms." (Compl. ¶¶ 1, 24.)  Plaintiff does not allege that Defendants manage or direct the operations of the hotel or motel rooms.

Though Plaintiff alleges that Defendants are "the operators of the hotels at the time the rent is paid." (Compl. ¶ 26), conclusory allegations such as this should not be taken as true.  *See Perkins*, 969 F.2d at 466.  In addition, this allegation is contradicted by other more specific allegations in the Complaint, which reveal unequivocally that Defendants are not the operators of the hotels.  A plaintiff can plead itself out of court by pleading facts that undermine the allegations set forth in the complaint.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (upholding dismissal of a complaint where plaintiff alleged facts inconsistent with his claims, and noting that the plaintiff "simply pled himself out of court by saying too much"); *see also Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) ("a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was under no duty to allege those facts").

In this case, the City's conclusory allegation that Defendants are the "operators of the hotels at the time the rent is paid," is contradicted by its allegations that Defendants operate

---

[3] Rules of Illinois statutory construction require that words be given their ordinary meaning as derived from common usage, unless a different meaning is intended by the statutory scheme.  *People v. Randle*, 183 Ill. App. 3d 146, 147, 538 N.E.2d 1253 (Ill. App. Ct. 1989); *see also United States v. Locke*, 471 U.S. 84, 95 (1985) (absent any statutory definition, a term should be given its commonly understood meaning).

Internet travel sites, contract with hotels for rooms, sell the rooms online to members of the public, and "act as retailers rather than agents." (Compl. ¶¶ 1, 24, 27, 28.) Given that Defendants must contract with the hotels, they are independent of the hotels. These allegations are irreconcilable with the assertion that Defendants are hotel operators and such bald conclusions must be disregarded.

### 3. Plaintiff Fails to Allege that Defendants Are "Receiving the Consideration for the Rental" of Hotel or Motel Rooms.

Plaintiff does not (and cannot) allege that Defendants fall within the definition of owner as persons "receiving the consideration for the rental of [the] hotel or motel room" because this phrase describes persons who actually grant possession or use of the hotel rooms, and the alleged facts show Defendants are incapable of granting such possession or use.

Because the words "consideration" and "rental" are not defined, the words must be given their ordinary meaning. Consideration is defined as "[s]omething of value . . . received by a promisor from a promisee." BLACK'S LAW DICTIONARY 300 (7th Ed. 1999). Rental refers to the act of renting, which, in its common usage, means to grant temporary possession or use of property or living quarters. *See* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 991 (10th ed. 1993). Because consideration is by definition received by the promisor, and because the consideration being received is "for the rental of [the] hotel or motel room," the phrase "person . . . receiving the consideration for the rental of such hotel or motel room" definitively refers to the promisor or person promising to grant temporary possession or use of the hotel room. Thus, in order to fall within the definition of owner under this provision, the person must be the promisor who promises to grant and grants temporary possession or use of the hotel or motel room.

Under the facts alleged, Defendants could not promise to grant or grant temporary possession of rooms because they are not ever alleged to have possession. Plaintiff alleges that Defendants contract with hotels for rooms (Compl. ¶ 27), but this allegation fails to establish

Defendants ever grant possession of the hotel rooms. The person granting the possession or use of the room is the person handing the key to the room to the occupant, which is not Defendants. In addition, this third category of "owners" cannot be divorced from the language that precedes it. General terms must be construed to include only those objects similar in nature to the objects described by the specific terms. *See Board of Trustees of Southern Illinois University v. Dept. of Human Rights*, 636 N.E.2d 528, 531 (Ill. 1994); *see also* NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 47:17 (6th Ed. 2000). In the definition of "owner," the preceding, specific categories describe persons who actually furnish hotel rooms, either as owners of the hotel or managers conducting the operations of the hotel, and receive the consideration in exchange for furnishing the room. To construe the general category of "persons . . . receiving the consideration for the rental" as including those who do not actually conduct the rental or furnish the rooms, such as Defendants, ignores that the nature of the persons described in the specific terms is that of persons receiving amounts in exchange for their act of furnishing the hotel room.

### 4. The Provisions of the Ordinance Clearly Contemplate that the Duty to Collect and Remit the Hotel Tax Is Imposed on the Hotels, Not on Defendants.

Defendants cannot be characterized as "owners" under the Ordinance because the provisions of the Ordinance clearly contemplate that such persons are the hotels themselves. The Ordinance provides, "[t]he City Treasurer . . . may enter the premises of any hotel or motel for inspection and examination of records in order to effectuate the proper administration of this Article, and to assure the enforcement of the collection of the tax imposed." ORDINANCE § 36-2-4. The Ordinance obviously does not envision owners and operators of Internet travel sites to be the persons subject to the duty to collect and remit the Hotel Tax; the Ordinance envisions the hotels being subject to the duty to collect and remit the Hotel Tax.

Further evidence of this meaning appears in Section 36-2-3(A), which states, "Any hotel or motel having thirty-five (35) hotel or motel rooms or less is excluded from the tax imposed under this Article." ORDINANCE § 36-2-3(A). This provision clearly shows that the Ordinance was never intended to apply to Defendants, who as online travel companies, do not have any rooms, much less thirty-five or more. The Ordinance's focus on the number of hotel rooms at a facility makes clear that the Ordinance applies to only the hotels themselves.

### B. Plaintiff Received All Amounts Due Under the Hotel Tax Ordinance and the Complaint Fails to Allege Any Violation of the Ordinance.

The City admits that the Hotel Tax has been remitted based on what it describes as the "net room rate;" that is, taxes based on the "net cost of the room to the online retailers." (Compl. ¶¶ 28, 30.) That is the proper amount of tax that should be remitted to the City, and thus the City has received all taxes due and owing to it. The City now seeks to extend the Ordinance to cover what it describes as the "marked up" rate, which is alleged to be the rate at which Defendants "sell" the rooms to the customers. (Compl. ¶¶ 27, 28.) Based on the Ordinance and the factual allegations in the Complaint, the net rate is the only amount subject to the Hotel Tax because the Ordinance plainly does not impose the Hotel Tax based on the "marked up" rate.

The amount subject to tax is the "rent charged for the privilege and use of renting a hotel or motel room." ORDINANCE § 36-2-2. In the Complaint, Plaintiff refers to the net rate as the "net cost of the room." (Compl. ¶ 30.) This "net rate" is the amount subject to tax under the Ordinance. The marked up rate which, by definition, exceeds the cost price, or in this case, the rent charged for the hotel room is not subject to tax. *See* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 712 (10th ed. 1993) (defining "markup" as, in relevant part, "an amount added to the cost price to determine the selling price"). The Ordinance does not impose tax on markups or any other amounts that do not represent the rent charged for the privilege or use of renting the hotel room.

In addition, because the Ordinance taxes the rent charged "*for the privilege and use of renting* a hotel or motel room," the amount subject to tax has to be the amount charged only by the person actually *granting* the privilege and use of the room. The gross rate is not charged by the persons granting possession of the hotel rooms; instead it is charged by Defendants, who, as discussed above, are alleged to be incapable of granting such possession.

The Complaint repeatedly asserts that the Hotel Tax has been remitted to Plaintiff based on the net rate. (Compl. ¶¶ 27, 28, 30.) Because the net rate is the proper tax base under the Ordinance, the allegations establish that the proper amounts due under the Ordinance were remitted to Plaintiff and no violation of the Ordinance is alleged.

### C.    The Tax Is Not Enforceable.

The City has expressly disavowed any power to enforce the taxes that it seeks to enforce in this suit. Illinois law permits "home rule" municipalities, of which the City is one, to impose two types of taxes related to hotel rooms.[4] First, by statute, all municipalities in Illinois (home rule or not) may tax the occupation of acting as a hotel operator. No such "occupation" tax is at issue here. Second, under its "home rule" powers, the City could impose and enforce a sales tax on the guest's "privilege and use" of renting a room. That is the kind of "home rule" tax at issue in this suit.

Although the Ordinance purports to be a home rule sales tax expressly imposed on "the privilege and use of renting" a hotel room, it cannot be enforced by the City. Even though Illinois courts have upheld similar home rule taxes, Fairview Heights is in a unique position. It

---

[4]   Illinois' 1970 constitution (which is in effect today) created a new class of "home rule" municipalities, consisting of those with a population of 25,000 or more and smaller municipalities that elect home rule status by referendum. 1970 Illinois Constitution Art. VII § 6(a); *Commercial National Bank of Chicago v. City of Chicago*, 432 N.E.2d 227, 229 (1981). While municipalities that are not "home rule" municipalities have only those powers granted by the legislature, 1970 Constitution Art. VII § 7, home rule municipalities have broad powers to impose taxes, (Article VII § 6(a)), but need the legislature's authorization to impose an occupation tax. (Article § 6(e)).

has *expressly renounced* the power to exact *any* home rule tax other than a tax on the sale of tangible personal property. "The City of Fairview Heights, through its duly elected Corporate Authorities, shall possess and exercise only those Home Rule powers and functions that are necessary to impose a tax upon all persons engaged in the business of selling tangible personal property. . . ." ORDINANCE § 36-1-1. "The City of Fairview Heights shall exercise no other Home Rule powers and functions other than those specifically set forth in Section 36-1-1 herein." *Id.* § 36-1-2. Because the Hotel Tax is not a tax on persons engaged in the business of selling tangible personal property, the City lacks the power to enforce the tax.

Importantly, the Ordinance the City seeks to enforce is not a hotel operator's occupation tax. The legislature has authorized both home rule and non-home rule municipalities to impose such "occupation" taxes to promote local tourism (65 ILCS 5/8-3-14), but the Ordinance is not such a tax. Instead, it is a sales tax on the guest's privilege of using a hotel room. In *Springfield Hotel-Motel Association v. City of Springfield*, 457 N.E.2d 1017 (Ill. App. Ct. 1983), the City of Springfield imposed a tax, like Fairview Heights, on "the use and privilege of renting a hotel or motel room." 457 N.E.2d at 1018. When Springfield amended the tax to divert the proceeds from the promotion of tourism into the City's general treasury, the local hotel owners sued. They claimed that the tax was an occupation tax and that, under 65 ILCS 5/8-3-14, the proceeds could not be used for any purpose other than promotion of tourism.

The Appellate Court noted that "… the distinction between a sales tax and an occupation tax is not always clear. Both are measured by substantially the same standards and both taxes are generally shifted forward to the consumer, with the business firm serving as a tax-collecting agent. As a result, '[t]he difference between the two taxes is primarily one of legislative intent.'" *Id.* (quoting *Commercial National Bank of Chicago v. City of Chicago*, 432 N.E.2d 227, 237 (1981)). Although "a tax on the use of a hotel room appears to fall somewhere in between" the

two, 457 N.E.2d at 1021, the court found that the Springfield tax was more like a sales tax than an occupation tax. 457 N.E.2d at 1022. The tax was thus within the City's home rule powers and was not constrained by the requirement in section 5/8-3-14 that the proceeds of a hotel occupation tax be used to promote tourism.

In *Marcus Corp. v. Village of South Holland*, 458 N.E. 2d 112 (Ill. App. Ct. 1983), the Illinois Appellate Court dealt with another tax imposed "upon the use and privilege of renting a motel or hotel room…." 458 N.E.2d at 113. Local motel owners argued that the tax violated the 5% limit in 65 ILCS 5/8-3-14. The court rejected the argument, stating that "because the South Holland tax is a privilege tax as opposed to an occupation tax, it is not subject to the restrictions of section 8-3-14." 458 N.E.2d at 114.

The Ordinance sought to be enforced here is substantively identical to the sales taxes addressed in *Springfield Hotel-Motel Association* and *Marcus Corp.* Just like the taxes in those cases, the Ordinance purports to tax the "privilege and use of renting a hotel or motel room…." ORDINANCE § 36-2-2. The Ordinance is thus a "home rule" tax that could be enforced under home rule power.

While the City is a "home rule" municipality, it has expressly limited its power to enforce home rule taxes to those taxes that would apply to the sale of tangible personal property. Perhaps as an effort to convince voters that adoption of home rule status would not lead to a proliferation of taxes,[5] Article I of the taxation chapter of the City Code states:

> 36-1-1 POWER. The City of Fairview Heights, through its duly elected Corporate Authorities, shall possess and exercise only those Home Rule powers and functions that are necessary to impose a tax upon all persons engaged in the business of ***selling tangible personal property*** other than an item of tangible personal property titled or registered with an agency of this State's government at retail in this City at a rate percent of the gross receipts from such sales made in the course of such business of making sales of service at a rate percent of the

---

[5] Because Fairview Heights' population does not exceed 25,000 persons, it held a referendum on the issue and became a home rule municipality in 1993.

>    selling price of any tangible personal property transferred by such serviceman as
>    an incident to a sale of service. [sic]

The very next section of the City Code emphasizes how the City has chosen to limit its home rule taxing power.

>    36-1-2 RESTRICTION. The City of Fairview Heights *shall exercise no other Home Rule powers and functions* other than those specifically set forth in Section 36-1-1 herein.

The effect of these provisions is clear. The City has disclaimed all home rule taxing powers other than those applying to the sale of tangible property, which a tax on the privilege and use of renting a hotel room unambiguously is not. As such, the City has no power to enforce its tax on "the privilege and use of renting a hotel or motel room . . . ." because to do so would be an exercise of the home rule power it has relinquished. Because the City lacks the authority to enforce the Ordinance against anyone, including the Defendants, the City's Complaint must be dismissed.

### III.   PLAINTIFF'S CLAIMS FOR CONSUMER FRAUD, CONVERSION, ATTORNEYS' FEES, PUNITIVE DAMAGES, AND UNJUST ENRICHMENT MUST BE DISMISSED BECAUSE SUCH REMEDIES ARE NOT AUTHORIZED BY STATUTE.

The City's claims for consumer fraud, conversion, and unjust enrichment fly in the face of rules of statutory construction, as do the City's request for attorneys' fees and punitive damages in its conversion claim. (Compl. ¶ 51.) "Where a statute creates a new right unknown to the common law, and at the same time gives a remedy for its enforcement, the remedy so prescribed is exclusive." *Hicks v. Williams*, 432 N.E.2d 1278, 1281 (Ill. App. Ct. 1982) (citation omitted); *see also Kosicki v. S.A. Healy Co.*, 44 N.E.2d 27, 29 (Ill. 1942); *Rosewell v. John H. Nalback Eng'g Co.*, 691 N.E.2d 775 (Ill. App. Ct. 1997).

Here, the Ordinance clearly sets forth the remedies that are available for nonpayment of the Hotel Tax. They are limited to a cause of action to enforce payment of the Hotel Tax and, in

cases where the taxpayer is found "willfully guilty of failing" to collect and remit the tax, a fine not to exceed five hundred dollars for each offense. ORDINANCE § 36-2-5, 8.

Had the City of Fairview Heights wished to impose other remedies, it could have included them in the Ordinance. For example, the City's Food and Beverage Sales Tax ordinance expressly provides that additional remedies of attorneys fees may be sought, but this provision only applies to the Food and Beverage Sales Tax. *See* ORDINANCE § 36-4-8. The Hotel Tax Ordinance has no similar provision permitting the recovery of attorneys fees, and nowhere else does it authorize claims for consumer fraud, conversion, unjust enrichment or punitive damages. Accordingly, Plaintiff is not authorized to bring those claims and they should be dismissed.

## IV. COUNT II MUST ALSO BE DISMISSED BECAUSE PLAINTIFF DOES NOT HAVE STANDING TO BRING A CLAIM FOR VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT.

In Count II, Plaintiff alleges that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act") by collecting "taxes" in excess of the amount actually remitted to Plaintiff and other members of the Class. (Compl. ¶ 46.) Had Plaintiff performed basic research about the Act, it would have seen that Plaintiff, as a municipality, has no standing to assert this cause of action.

The definition section of the Act includes as those who are entitled to bring a claim under the statute:

> any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof.

815 ILCS § 505/1(c). Under Illinois law, government entities such as the City of Fairview Heights are not "persons" within the statutory definition of the Act and accordingly, do not have standing to bring claims under the Act. *See* 815 ILCS § 505/1(c); *Bd. of Educ. of City of*

*Chicago v. A, C & S, Inc.*, 546 N.E.2d 580, 599 (Ill. 1989) (upholding dismissal of claim brought by school districts due to lack of standing, stating "the legislature is aware of how to include a body politic within the definition of 'person' or 'corporation,' and we believe that its failure to do so in the Consumer Fraud Act shows an intent not to include them within the definitions of persons who may sue based on the Act"); *see also People ex rel. Hartigan v. E&E Hauling, Inc.*, 607 N.E.2d 165, 172 (Ill. 1992) (a "body politic is not a 'person' under the Act, and [a body politic does not have] standing to bring a claim under the Act"); *Du Page Aviation Corp. v. Du Page Airport Auth.*, 594 N.E.2d 1334, 1342 (Ill. App. Ct. 1992) (the "legislature did not intend to make municipal corporations subject to the [ICFA]"); *Trimec, Inc. v. Zale Corp.*, 1991 WL 208896, * 4 (N.D. Ill. Oct. 10, 1991) ("the City is not a 'person' within the meaning of the Act"). Count II must be dismissed because Plaintiff, as a municipality, does not have standing to bring a claim under the Act.

### V. COUNT III MUST ALSO BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM FOR CONVERSION.

Plaintiff alleges that Defendants committed conversion by taking "monies" for "their own use and benefit, thereby permanently depriving Plaintiff and Class of the use and benefit thereof." (Compl. ¶ 50.)  To plead a cause of action for conversion, a plaintiff must allege "(1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) [the defendant] wrongfully and without authorization assumed control, dominion, or ownership over the property." *GE Capital Bus. Asset Funding Corp. v. Hicks*, Civ. No. 02-4033-GPM , 2005 U.S. Dist. LEXIS 20074, at *12 (S.D. Ill. Sept. 1, 2005) (citing *Cruthis v. Firstar Bank, N.A.*, 822 N.E.2d 454, 463 (Ill. App. Ct. 2004)).

Plaintiff's conversion claim fails because, as explained above, Defendants did not have a duty to collect and remit taxes to Plaintiff under the Ordinance.  Moreover, there are at least two

additional reasons for dismissing the claim: (1) an obligation to pay taxes is not a specific identifiable fund that is subject to conversion; and (2) Plaintiff failed to make a demand for the allegedly converted monies.

### A.     Plaintiff Failed To Identify Any Specific Converted Funds.

A conversion claim cannot seek to recover money represented by a general debt or obligation.  *Cumis Ins. Soc'y v. Peters*, 983 F. Supp. 787, 793 (N.D. Ill. 1997); *see also Bill Marek's The Competitive Edge, Inc. v. Mickelson Group*, 806 N.E.2d 280, 285 (Ill. App. Ct. 2004) (conversion claim for money is appropriate so long as the "converted funds are capable of being described, identified, or segregated in a specific manner").  An obligation to pay taxes is not a specific identifiable fund that is subject to conversion. *In re Thebus*, 483 N.E.2d 1258 (Ill. 1985).  In *Thebus*, the Illinois Supreme Court held that an attorney had not converted funds he withheld from his employees' paychecks by failing to pay this money to the Internal Revenue Service.  *Id.* at 1267.  In examining the character of the funds the attorney withheld for taxes, the court decided that they were in the nature of a debt to the government rather than an identifiable fund.  *Id.* at 1268.

Here, like *Thebus*, Defendants' alleged obligation to pay the hotel tax is in the nature of a debt to the Plaintiff, not an identifiable fund isolated in a specific account.  Moreover, the "monies" Plaintiff claims are not identified or specified in any way.  (Compl ¶ 51.) Accordingly, Plaintiff's claim for conversion fails and Count III must be dismissed.

### B.     Plaintiffs Did Not Make A Demand For The Money On Defendants.

"An action for conversion . . . must include a demand for possession or it cannot be said there has been a deprivation." *A.T. Kearney, Inc. v. INCA Int'l, Inc.*, 477 N.E.2d 1326, 1334 (Ill. App. Ct. 1985).  Plaintiff does not ever allege that it made a demand on the Defendants for possession of any allegedly converted money.  *See, e.g., Runnemede Owners, Inc. v. Crest*

*Mortgage Corp.*, 861 F.2d 1053, 1060 (7th Cir. 1988) (rejecting plaintiff's conversion claim because plaintiff never demanded the return of its money); *Small v. Sussman*, 713 N.E.2d 1216, 1223 (Ill. App. Ct. 1999) (dismissing plaintiff's conversion claim in part due to lack of demand for property). Plaintiff's failure to make a demand provides this Court with yet another reason to dismiss Count III.

## VI. DEFENDANTS HAVE NOT BEEN UNJUSTLY ENRICHED AND COUNT IV MUST ALSO BE DISMISSED.

In Count IV, Plaintiff alleges that because Defendants did not remit the taxes owed under the Hotel Tax Ordinance, that Defendants were unjustly enriched. (Compl. ¶ 54). While some Illinois courts have recognized a cause of action for unjust enrichment, *see HPI Health Servs. Inc. v. Mt. Vernon Hosp.,* 545 N.E.2d 672, 678-79 (Ill. 1989), other courts have concluded that "unjust enrichment" does not constitute an independent action, but is instead a remedy for some other wrong. *See Allstate Ins. Co. v. Morgan Guaranty Trust Co. of New York*, C.A. No. 93 C 6527, 1994 U.S. Dist. LEXIS 1570, at *10-11 (N.D. Ill. Feb. 10, 1994) (Judge Charles Kocoras opinion finding "[a] claim for unjust enrichment is not recognized as an independent cause of action . . ."); *Board of Trustees of the Fire Fighters Pension Fund of the Village of Arlington Heights v. Liberty Group*, 708 F. Supp. 1504, 1507 (N.D. Ill. March 9, 1989) (Judge James Holderman opinion holding "[a] claim for unjust enrichment is not an independent cause of action but instead is a remedy for some other substantive wrongdoing."). In *Allstate Ins. Co.*, Judge Kocoras held:

> . . . the term 'unjust enrichment' is not descriptive of conduct that, standing alone, will justify an action for recovery. Rather, it is a condition that may be brought by unlawful or improper conduct as defined by law, such as fraud, duress or undue influence, and may be redressed by a cause of action based upon that improper conduct.

*Allstate Ins. Co.*, 1994 U.S. Dist. LEXIS 1570 at *11 (citing *Harris Trust and Sav. Bank v. Salomon Bros.*, 832 F. Supp. 1169, 1176 (N.D.Ill. 1993). Thus, Allstate's unjust enrichment

- 17 -

claim was dismissed because unjust enrichment is "merely a 'remedy for some other substantive wrong.'" *Id.*  Cases such as *Allstate Insurance Co.* are well-reasoned and their rejection of free-standing unjust enrichment claims should be adopted by this Court in dismissing Count IV.

When Illinois courts do permit a cause of action based on unjust enrichment, the plaintiff must show that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of that benefit violates fundamental principles of justice, equity, and good conscience. *In re Estate of Rath v. Abbott Labs., Inc.*, 316 F. Supp. 2d 684, 688 (S.D. Ill. 2004) (citing *Clark v. TAP Pharmaceutical Products, Inc.*, 798 N.E.2d 123, 133 (Ill. App. Ct. 2003)).  Plaintiff has failed to make such a showing.  As explained above, Defendants had no obligation to pay a Hotel Tax to the Plaintiff and therefore, the Defendants did not unjustly retain a benefit belonging to the Plaintiff.  For this reason, Count IV must be dismissed.

## VII. PLAINTIFF FAILS TO PLEAD FACTS THAT DEFENDANTS EXHIBITED MALICIOUS OR OPPRESSIVE BEHAVIOR THAT WARRANTS A DEMAND FOR PUNITIVE DAMAGES.

In Illinois, punitive damages may be awarded only "for conduct that is outrageous, either because the acts are done with malice or an evil motive or because they are performed with a reckless indifference toward the rights of others." *Smith v. Prime Cable of Chicago*, 658 N.E.2d 1325, 1336 (Ill. App. Ct. 1995).  Despite the fact that the Complaint's Prayer for Relief does not demand punitive or exemplary damages, Plaintiff nevertheless makes the boilerplate allegation in its conversion claim that "[a]t all times herein alleged, Defendants acted willfully, wantonly, with oppression, and with a conscious disregard of the rights of Plaintiff, such that Plaintiff requests that the trier of fact, in the exercise of sound discretion, award Plaintiff additional damages for the sake of example and in sufficient amount to punish Defendants for their conduct."  (Comp. ¶ 51.)

Nothing in the Amended Complaint pleads Defendants exhibited an "evil motive" or "reckless indifference to the rights of others." Consequently, Plaintiff's unsupported assertion that punitive damages are warranted in this case must be stricken.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

Dated: January 17, 2006

By: /s/ Robert H. Shultz, Jr.
**HEYL, ROYSTER, VOELKER & ALLEN**
Robert H. Shultz, Jr., #03122739
103 West Vandalia Street, Suite 100
Edwardsville, IL 62025
Telephone: (618) 656-4646

Paul E. Chronis
Elizabeth B. Herrington
Melissa M. Eckhause
MCDERMOTT WILL & EMERY LLP
227 W. Monroe
Chicago, Illinois 60606
Telephone: (312) 372-2000

*Attorneys for Defendants Orbitz, Inc., Orbitz, LLC, Internetwork Publishing Corp. (d/b/a/ Lodging.com), Cheap Tickets, Inc., and Cendant Travel Distribution Services, Group, Inc.*

By: /s/ Russell K. Scott (with consent)
**GREENSFELDER, HEMKER & GALE, P.C.**
Russell K. Scott
12 Wolf Creek Drive, Suite 100
Belleville, Illinois 62226
Telephone: (618) 257-7308

James P. Karen
Deborah S. Sloan
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939

*Attorneys for Defendants Hotels.com, L.P.; Hotels.com GP, LLC; Hotwire, Inc.; Expedia, Inc.; and TravelNow.com, Inc.*

By: /s/ Charles L. Joley (with consent)
**DONOVAN, ROSE, NESTER & JOLEY, P.C.**
Charles L. Joley
8 East Washington Street
Belleville, Illinois 62220
Telephone: (618) 235-2020

By: /s/ Troy Bozarth (with consent)
**BURROUGHS, HEPLER, BROOM, MacDONALD, HEBRANK & TRUE**
Troy Bozarth
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025
Telephone: (618) 656-0184

| | |
|---|---|
| Darrel J. Hieber<br>SKADDEN, ARPS, SLATE, MEAGHER<br>& FLOM LLP<br>300 South Grand Avenue<br>Los Angelas, California  90071<br>Telephone:  (213) 687-5000<br>***Attorneys for Defendants Site59.com, LLC;*** | David F. McDowell<br>MORRISON & FOERSTER, L.L.P.<br>555 West Fifth Street, Suite 3500<br>Los Angelas, California  90013-1024<br>Telephone:  (213) 892-5383<br><br>***Travelocity.com, Inc.; and Travelocity.com, L.P.*** |

Karen L. Valihura
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
Telephone:  (302) 651-3000

***Attorneys for Defendants priceline.com Inc., Lowestfare.com Inc. and Travelweb LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **January 17, 2006**, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Troy A. Bozarth** at *troy.bozarth@ilmolaw.com, par@ilmolaw.com, alf@ilmolaw.com, docket@ilmolaw.com*

**Richard J. Burke, Jr**. at *richardb@lakinlaw.com*

**Kevin T. Hoerner** at *KTH@bphlaw.com, tonya@bphlaw.com*

**Charles L. Joley** at *cjoley@ilmoattorneys.com*

**Bradley M. Lakin** at *bradl@lakinlaw.com, beckyh@lakinlaw.com*

**Russell K. Scott** at *rks@greensfelder.com, cc@greensfelder.com*

**Paul M. Weiss** at *paul@freedweiss.com*

**Karl P. Barth** at *kbarth@lmbllp.com*

and certifies that on **January 17, 2006**, the document was mailed by United States Postal Service, to the following non-registered participants:

| | |
|---|---|
| William J. Harte, Ltd.<br>111 West Washington Street, Suite 100<br>Chicago, IL 60602 | Benjamin A. Schwartzman<br>Lovell, Mitchell, et al<br>11542 NE 21st Street, Suite A<br>Bellevue, WA  98004 |
| William Sweetnam<br>Freed & Weiss, LLC<br>111 West Washington Street, Suite 1331<br>Chicago, IL 60602 | Deborah S. Sloan<br>James P. Karen<br>2727 North Harwood Street<br>Dallas, Texas  75201-1515 |

   /s/ Robert H. Shultz, Jr.  
   HEYL, ROYSTER, VOELKER & ALLEN