## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CITY OF FAIRVIEW HEIGHTS,**

**Plaintiff,**

**v.**

**ORBITZ, INC. et al.,**

**Defendants.**                      **No. 05-CV-840-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

## I. Introduction

Three motions are now before the Court: a motion to dismiss (Doc. 37) filed by Defendants; a motion to remand (Doc. 54) filed by Plaintiff City of Fairview Heights ("Plaintiff" or "City"); and a motion to file a surreply (Doc. 63) also filed by Plaintiff.[1]  Plaintiff responds in opposition to Defendants' motion to dismiss, as do Defendants to Plaintiff's motion to remand.  (Docs. 55, 58.)  For the reasons below, the Court grants in part and denies in part Defendants' motion to dismiss, denies Plaintiff's motion to remand, and denies Plaintiff's motion to file a surreply.

## II. Background

Plaintiff, an Illinois municipality, brings this suit on behalf of a putative class of Illinois municipalities in order to redress Defendants' failures to pay taxes

---

[1] Defendants' motion to dismiss was filed by all Defendants except one, Maupintour Holding LLC, which later joined in the motion.  (Doc. 51.)

allegedly owed to it and other putative class members.  Plaintiff's position, in a nutshell, is that Defendants —  owners and operators of Internet travel sites — unlawfully neglected to pay the full amount of hotel taxes due and owing under city ordinances.  Plaintiff contends that Defendants accomplished this first by contracting with hotels and motels to resell their hotel rooms to consumers (at higher rates), and then by paying taxes only on the lower, contracted-for rates they paid to the hotels and motels themselves, not the rates actually paid by consumers.

Plaintiff originally brought this action in St. Clair County, Illinois. Defendants removed on November 28, 2005.  (Doc. 1.)  Plaintiff then petitioned the Judicial Panel on Multidistrict Litigation ("MDL Panel") to consolidate this matter with three other cases pending elsewhere in federal courts.  (Doc. 47.)  That effort, however, bore no fruit.  Plaintiff's four-count Complaint now consists of a claim for a violation of Fairview Heights, Ill., Code § 36-2-2,[2] a claim alleging an **Illinois Consumer Fraud and Deceptive Practices Act, 815 Ill. Comp. Stat. 505/01 et seq.** ("ICFA" or the "Act") violation, a conversion claim, and a claim for unjust enrichment.  (Doc. 2.)

_____

[2] That provision provides as follows:

There is hereby levied and imposed a tax of **five percent (5%)** of the rent charged for the privilege and use of renting a hotel or motel room within the City of Fairview Heights, Illinois for each **twenty-four (24) hour** period or any portion thereof for which a daily room charge is made.

Fairview Heights, Ill., Code § 36-2-2 (emphasis in original).

### III.  Analysis

**A.     Plaintiff's Motion to Remand**

      1.     *Standard*

A defendant may remove a case only if a federal district court would have original jurisdiction over the action.  ***See*** **28 U.S.C. § 1441**; ***Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)**.  Statutes providing for removal are construed narrowly, and doubts about removal are resolved in favor of remand.  ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.  The burden of establishing jurisdiction in the federal courts falls on the party seeking removal.  ***Id.***

The Class Action Fairness Act (CAFA), which took effect on February 18, 2005, extends federal jurisdiction over class actions meeting certain prerequisites.  Relevant to this case is a provision, **28 U.S.C. § 1332(d)(4)(A)**, providing that a district court must decline to exercise jurisdiction over class actions in which (1) more than two-thirds of the proposed class members are citizens of the state in which the action was originally filed; (2) at least one defendant is a defendant (a) from whom significant relief is sought, (b) whose alleged conduct forms a significant basis for the claims, and (c) who is a citizen of the state in which the action was originally filed; and (3) the principal injuries resulting from the alleged conduct were incurred in the state in which the action was originally filed, *provided that* "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the

defendants on behalf of the same or other persons." **28 U.S.C. § 1332(d)(4)(A)**.

2.    *Plaintiff's Motion*

The parties' dispute centers on the latter provision above.[3]  In Plaintiff's view, remand is appropriate here because no class action was filed in the three-year window preceding this case asserting the same or similar factual allegations against any Defendant.  Defendants disagree.  They  point to a 2004 California state-court case (hereinafter referred to as "City of Los Angeles"[4]) that, from their perspective, not only contains exactly the same defendants as this case does, but also asserts nearly identical claims.

The Court finds that **28 U.S.C. § 1332(d)(4)(A)(ii)** is triggered here by City of Los Angeles, and thus that remand is inappropriate.  For that subsection to foreclose remand, each of its three requirements must be satisfied: (1) within a three-year window, (2) no class action may have been filed asserting the same or similar factual allegations, (3) against any Defendant.  **28 U.S.C. § 1332(d)(4)(A)(ii)**.  City of Los Angeles satisfies each element.  That case involves the exact same defendants

---

[3] The parties do not contest that the other elements of **28 U.S.C. § 1332(d)(4)(A)** are satisfied here.

[4] That case is styled City of Los Angeles, California, on behalf of itself and all others similarly situated v. Hotels.com, L.P; Hotels.com GP, LLC; Hotwire, Inc.; CheapTickets, Inc.; Cendant Travel Distribution Services Group, Inc.; Expedia, Inc.; Internetwork Publishing Corp. (d/b/a Lodging.com); Lowest Fare.com, Inc.; Maupintour Holding, LLC; Orbitz, Inc.; Orbitz, LLC; priceline.com, Inc.; Site59.com, LLC; Travelocity.com, Inc.; Travelocity.com, L.P.; Travelweb, LLC; Travelnow.com, Inc.; and Does 1 though 100, inclusive, Case No. BC326693 ("City of Los Angeles"), and was filed in Los Angles Superior Court on December 30, 2004.  (Doc. 58, Ex. B.)

as here, was filed in 2004, within the three-year window, and contains not only similar factual allegations, but in some places identical wording and structure to Plaintiff's Complaint.  (*See* Doc. 58, Ex. B.)  Paragraph twenty-four of the instant Complaint, which both introduces and lays the substantive foundation for Plaintiff's allegations, for example, is nearly identical to paragraph twenty-five of the Second Amended Complaint in City of Los Angeles, which performs the same functions.[5] (Docs. 2, 58, Ex. B.)  The core allegations themselves, further, are almost exactly the same.  Plaintiff here seeks redress for Defendants' alleged failures to remit taxes based on the rates paid by consumers, rather than the "wholesale" rates Defendants negotiated with hotel operators.  The plaintiffs in City of Los Angeles sought the same

---

[5] In the City of Los Angeles complaint, paragraph twenty-five reads as follows:

> Defendants are online sellers and/or online resellers of hotel rooms to the general public.  Defendants have sold hotel rooms to the public and collected transient occupancy taxes on those rooms, but have failed to pay the full taxes due and owing to Plaintiff and Plaintiff Class members on these transactions.

(Doc. 58, Ex. B, ¶ 25.)  In the instant Complaint, the above language is altered, but only slightly:

> Defendants, and each of them, are on-line sellers and/or resellers of hotel rooms to the general public.  Defendants have sold hotel rooms to the public and collected taxes on those rooms, but have failed to pay the taxes due and owing to Plaintiff and other class members on these transactions.

(Doc. 2, ¶ 24.)

thing.[6]  (Compare Doc. 2, ¶¶ 26-27 with Doc. 58, Ex. B., ¶ 26.)

In opposition, Plaintiff declines to address these similarities.  Instead, it makes a rather specious two-part argument: First, it claims that since both City of Los Angeles and the cases previously up for consolidation seek unpaid hotel-occupancy taxes, there are no differences between them.  Then, it claims that because Defendants argued against consolidation before the MDL Panel, **28 U.S.C. § 1332(d)(4)(A)(ii)** forecloses federal jurisdiction in this case.

This reasoning is flawed, for three reasons.  First and foremost, the case

---

[6] In City of Los Angeles, for example, the plaintiff alleged that:

> After the hotel accommodations were provided by the hotel to the consumer, the hotel invoiced Defendant for the hotel accommodations, including separately stated transient occupancy taxes for the pertinent taxing municipality where the hotel was located, measured by the agreed-upon amount charged by the hotel operator to Defendant.  This was incorrect and improper, as a matter of law.  As more fully alleged in paragraph 28, *infra*, each Defendant was required to collect and remit transient occupancy taxes based upon the amounts actually charged the consumers by Defendant for the hotel accommodations, including any fees added by Defendant.

(Doc. 58, Ex. B, ¶ 26.)  In this case, Plaintiff similarly alleges that:

> Defendants, however, have failed to remit the proper tax amounts, underpaying Plaintiff and other Class members for the taxes due and owing them.  Defendants contract with hotels for rooms and sell the rooms to the members of the public, who actually occupancy [sic] the rooms.  Defendants charge and collect taxes from occupants based on the marked up room rates, but only remit to Plaintiff and other Class members tax amounts based on the lower, negotiated rates. Defendants unlawfully retain the difference.

(Doc. 2, ¶ 27.)

that Defendants argue asserts similar claims is City of Los Angeles, not any of the cases that were before the MDL Panel.  This has been true since removal.  (*See* Doc. 1, ¶ 10.)  Plaintiff's current attempt to equate the MDL cases with City of Los Angeles — without so much as attempting to identify specific similarities between them — is accordingly off base and irrelevant.  In order for federal jurisdiction to exist, there need only be one similar case filed in the preceding three years.  *See* **28 U.S.C. § 1332(d)(4)(A)(ii)**.  Here, Defendants argue that City of Los Angeles is such a case. At least initially, therefore, the Court must examine only the allegations in that case to determine whether remand is appropriate.

Second, even if the Court were to accept Plaintiff's position that City of Los Angles and the cases previously up for consolidation are functionally interchangeable, Defendants' statements to the MDL Panel concerning those cases are of no consequence in this Court's analysis.  A district court's determination of whether it has subject matter jurisdiction over a case, after all, is made independent of the parties' arguments or positions.  ***Gonzalez v. O'Connell*, 355 F.3d 1010, 1014 (7th Cir. 2004)**.  It is the allegations in the complaints themselves, not what the parties have to say about those allegations, that matters here.

Finally, even if the Court were to rely on Defendants' statements to the MDL Panel in evaluating its jurisdiction, there are different standards for consolidation under **28 U.S.C. § 1407** and subject-matter jurisdiction under **28 U.S.C. § 1332(d)(4)(A)(ii)**.  Because of these divergent standards, the fact that

Defendant argued against consolidation on the one hand and for subject matter jurisdiction on the other is not necessarily inconsistent.  The two standards, are, by their plain language, quite clearly distinct; **28 U.S.C. § 1407** focuses on the question of whether cases involve common fact issues, while **28 U.S.C. § 1332(d)(4)(A)(ii)** centers on whether allegations in cases are "the same or similar."  Plaintiff fails to explain, or even address, why or how Defendants' position before the MDL Panel against consolidation under **28 U.S.C. § 1407** forecloses an argument for subject matter jurisdiction under **28 U.S.C. § 1332(d)(4)(A)(ii)**.

Accordingly, the Court finds that Plaintiff's motion to remand must be denied.

### B.    Defendants' Motion to Dismiss

#### 1.    *Standard*

When ruling on a motion to dismiss for lack of subject matter jurisdiction under **Federal Rule of Civil Procedure 12(b)(6)**, a court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in plaintiff's favor. ***Transit Exp., Inc. v. Ettinger***, **246 F.3d 1018, 1023 (7th Cir. 2001)**.  The court must then determine "whether relief is possible under any set of facts that could be established consistent with the allegations." ***Bartholet v. Reishauer A.G.***, **953 F.2d 1073, 1078 (7th Cir 1992)** (citing ***Conley v. Gibson,*** **355 U.S. 41, 45-46 (1957)**).  A motion to dismiss tests the sufficiency of the complaint, not its merits. ***Gibson v. City of Chicago***, **910**

**F.2d 1510, 1520 (7th Cir. 1990)**.  A claim may be dismissed only if it is beyond doubt that under no set of facts would a plaintiff's allegations entitle her to relief. ***Travel All over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996)**.  To survive a motion to dismiss, "[c]omplaints need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." ***Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)**.

2.      *Defendant's Motion*

In their Motion to Dismiss, Defendants take the position that all four of Plaintiff's Counts are improper and must be dismissed.  Plaintiff disagrees.  Below, the Court considers whether Plaintiff's Complaint makes out a claim as to each Count.

i.      Count I

Plaintiff's Count I arises under Fairview Heights, Ill., Code § 36-2-2.  In pertinent part, that section provides that "[t]here is hereby levied and imposed a tax a five percent (5%) of the rent charged for the privilege and use of renting a hotel or motel room within the City of Fairview Heights, Illinois . . . ."  Fairview Heights, Ill., Code § 36-2-2.  It goes on to state that "[i]t shall be the duty of the owner of every hotel or motel to secure said tax from the renter of the motel or hotel room, and to pay-over to the City Collector or any authorized representative of the City said tax under procedures prescribed by the City Collector, or as otherwise provided in this Article."  Fairview Heights, Ill., Code § 36-2-3(C).  An owner is defined as "any person

having an ownership interest in, conducting the operation of a hotel or motel room, or receiving the consideration for the rental of such hotel or motel room." Fairview Heights, Ill., Code § 36-2-1(B).  Defendants maintain that because (1) they do not qualify as "owners" under section 36-2-1(B), (2) Plaintiff received all amounts due, and (3) the tax is not enforceable, Count I must be dismissed.

a.     "Owner"

To begin with, the Court finds that Plaintiff has sufficiently alleged that Defendants are owners under Fairview Heights, Ill., Code § 36-2-1(B).  That section describes three categories of ownership: "having an ownership interest in," "conducting the operation of a hotel or motel room," or "receiving consideration for the rental of such hotel or motel room." Fairview Heights, Ill., Code § 36-2-1(B).[7]  At the very least, Plaintiff's Complaint successfully alleges that Defendants fall into the third, or "receiving consideration," ownership category.  As the Complaint states, "Defendants, and each of them, are on-line sellers and/or on-line resellers of hotel rooms to the general public."  (Doc. 2, ¶ 24.)  It continues by asserting that "Defendants contract with hotels from rooms and sell the rooms to the members of the public, who actually occupancy [sic] the rooms" (*id.*, ¶ 27), and further alleges that consumers pay Defendants for the privilege of staying in the rooms.  (*Id.*, ¶¶ 24-31.)  This language, the Court finds, sufficiently alleges that in return for a monetary

---

[7] "**'Owner'** means any person having an ownership interest in, conducting the operation of a hotel or motel room, or receiving the consideration for the rental of such hotel or motel room."  Fairview Heights, Ill., Code § 36-2-1(B) (emphasis in original).

sum, Defendants grant consumers the privilege of renting hotel rooms.  That is all that is necessary under section 36-2-1(B).  Fairview Heights, Ill., Code § 36-2-1(B).

In opposition, Defendants argue that because Plaintiff fails to allege that they grant or promise to grant temporary possession of hotel or motel rooms, they cannot be said to "receiv[e] consideration" for the rental of hotel rooms.  Plaintiffs, however, "need not plead facts; they need not plead law; they plead claims for relief." **Doe v. Smith** **429 F.3d 706, 708 (7th Cir. 2005)**.  Federal-court pleadings, further, are not required to allege facts corresponding to each element of a statute or ordinance.  **Id.**  Because Plaintiff's Complaint alleges that Defendants receive consideration for renting hotel rooms, and because that is all the Ordinance requires of ownership, the Complaint successfully alleges that Defendants are owners under the Ordinance.[8]

b.     Receipt of Amounts Due

---

[8] Alternatively, the Complaint alleges that Defendants fall into the second, or "conducting the operation of a hotel or motel room," category of ownership.  With regard to that category, the Complaint states that Defendants "are the operators of the hotels at the time the rent is paid."  (Doc. 2, ¶ 26.)  If these words, as required, are taken as true, they imply that Defendants are indeed owners under Fairview Heights, Ill., Code § 36-2-1(B).  In opposition, however, Defendants argue that Plaintiff's allegation is "conclusory" and also that it is contradicted by Plaintiff's other allegations that Defendants operate Internet travel cites, contract with hotels for rooms, and sell rooms online.  (Doc. 37, pp. 6-7.)  The Court finds these arguments seem unavailing.  The mere fact that a plaintiff pleads a conclusion rather than specific facts supporting that conclusion  does not imply that a complaint must be dismissed.  *See* **Kolupa v. Roselle Park Dist.,** **438 F.3d 713, 715 (7th Cir. 2006)**.  Moreover, Plaintiff's other allegations concerning Defendants' conduct do not necessarily contradict the allegation that Defendants operate hotel rooms.

Defendants next argue that Count I must be dismissed because Plaintiff "has received all taxes due and owing to it." (Doc. 37, p. 9.)  Under Fairview Heights, Ill., Code § 36-2-2,"[t]he ultimate incidence of, and liability for payment of [the hotel] tax is to be borne by the person who seeks the privilege of occupying the hotel or motel room, said person hereinafter referred to as **'renter'**."  Fairview Heights, Ill., Code § 36-2-3(B) (emphasis in original).  The amount subject to tax, further, is the "rent charged for the privilege and use of renting a hotel room." Fairview Heights, Ill., Code § 36-2-2.  Plaintiff's Complaint alleges that Defendants are resellers of hotel rooms, which end up being occupied by consumers.  (Doc. 2, ¶¶ 24-31.)  Thus, in arguing that the City has received all taxes owed, Defendants' position is that even though it is the consumer occupying the room who bears responsibility for paying the tax under the Ordinance, the taxable amount is not the amount that consumer actually pays, but is rather the lower, "net" rate paid by Defendants.

The Court must disagree.  The provisions of the Fairview Heights City Code are to be interpreted consistent with the intent of the Mayor and the City Council.  *See* Fairview Heights, Ill., Code § 1.05(1) ("All general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent of the Mayor and City Council may be fully carried out.").  Section 36-2 is no exception. That section identifies only one taxable amount,  the "rent charged for the privilege and use of renting a hotel room," which is "to be borne by *the person who seeks the privilege or occupying the hotel or motel room*." Fairview Heights, Ill., Code §§ 36-2-2, 36-2-3(B) (emphasis added).  Given this language, and given the fact that Plaintiff

alleges that the consumers to whom Defendants resell rooms seek the privilege of occupancy, it makes little sense to surmise, as Defendants do, that the Ordinance's drafters intended those consumers to pay tax only on what Plaintiff refers to as the "net" cost of the room (i.e., the cost paid by Defendants).

What makes far more sense is that the drafters intended the room occupant to pay tax on the amount she actually paid.  A contrary holding, after all, would open up a potentially gaping loophole: a hotel operator could simply incorporate a shell entity or make some other similar arrangement, rent the hotel rooms to that entity for a nominal amount, and then re-rent the rooms to consumers, who would be taxed only on the nominal sum paid by the side entity to the operator. This tactic — permissible under the continuation of Defendants' logic — would place the hotel operator at a competitive advantage, because it would either increase her profit margins or lower the cost of her rooms relative to her competitors.  However, it would at the same time almost entirely eviscerate the Ordinance, and it cannot be what the drafters had in mind.  *See **Environmental Protection Agency v. Pollution Control Bd.**, 426 N.E.2d 1264, 1267, 100 Ill. App. 3d 735, 740 (Ill. App. Ct. 1981)*.  At the very least, the Court finds, it is not beyond doubt that Plaintiff has received all taxes owed.

c.      Enforceability of Section 36-2-2

Finally, Defendants contend that in any event, Count I must be dismissed because Fairview Heights, Ill., Code § 36-2-2 is unenforceable.  This

argument proceeds in two parts.  First, Defendants maintain that the hotel tax in

question was passed under the City's home rule taxation powers.[9]  Second, they

argue that because the City has elsewhere renounced its power to impose all home

rule taxes other than those relating to the sale of tangible personal property, section

36-2-2 is invalid.  *See* Fairview Heights, Ill., Code § 36-1-1.[10]

   The Court finds that it need not address the first issue — whether or not

the hotel tax was passed pursuant to the City's home rule powers — above because

even assuming, arguendo, that section 36-2-2 is indeed a home rule tax that directly

conflicts with section 36-1-1's prohibition, Defendants have offered no citation,

---

[9] Under the Illinois Constitution, home rule municipalities "may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt."  Ill. Const. Art. VII, § 6(a).  They may not, however, "license for revenue or impose taxes upon or measured by income or earnings or upon occupations" unless authorized by the Illinois General Assembly.  Ill. Const. art. VII, § 6(e).

[10] That section provides that:

> The City of Fairview Heights, through its duly elected Corporate Authorities, *shall possess and exercise only those Home Rule powers and functions that are necessary to impose a tax upon all persons engaged in the business of selling tangible personal property* other than an item of tangible personal property titled or registered with an agency of this State's government at retail in this City at a rate percent of the gross receipts from such sales made in the course of such business of making sales of service at a rate percent of the selling price of any tangible personal property transferred by such serviceman as an incident to a sale of service.

Fairview Heights, Ill., Code § 36-1-1 (emphasis added).

theory, or explanation as to why one provision of the City Code should be given more credence than the other.  Defendants fail to explain, that is, why a conflict between sections 36-1-1 and 36-2-2 must be resolved by invalidating section 36-2-2, not the other way around.  It is true, as Defendants point out, that if adopted pursuant to the City's home rule powers, section 36-2-2 runs counter to section 36-1-1.  But the converse is also true.  Either way, the Court faces a conflicting pair of City-Code provisions, one (section 36-2) both creating a tax and providing a means to enforce it (thus implying its enforceability), and the other (section 36-1-1) renouncing the enforceability of the first.  Defendants provide no theory as to why, under these circumstances, either section should hold any more weight than the other.  In the absence of such argument, and given that the City Code itself provides little guidance about what should happen if its provisions conflict,[11] it is not beyond doubt, at this time, that Plaintiff's Complaint is insufficient.

Therefore, the Court finds that Count I cannot presently be dismissed.

---

[11] The most directly applicable provision of the Code states as follows:

No new ordinance shall be construed to repeal a former ordinance, whether such former ordinance is expressly repealed or not, as to any offense committed against the former ordinance or as to any act done, and penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising before the new ordinance takes effect, save only that the proceedings thereafter shall conform so far as is practicable to the ordinances in force at the time of such proceedings.

Fairview Heights, Ill., Code § 1.08.  Neither party has offered information concerning the temporal proximity of section 36-1-1's and section 36-2-2's passage.

ii.      Count II

In contrast, the Court finds that Count II — alleging an ICFA violation — can readily be dismissed due to Plaintiff's lack of standing.  Under the ICFA, a municipality is not a person capable of bringing suit.  *See* **815 Ill. Comp. Stat. § 505/1(c)**;[12] ***Board of Education v. A, C & S*, 546 N.E.2d 580, 599 (Ill. 1989)** ("The legislature is aware of how to include a body politic within the definition of 'person' or 'corporation,' and we believe that its failure to do so in the Consumer Fraud Act shows an intent not to include them within the definition of persons who may sue based on the Act.").  It is thus plain that Plaintiff — a city — lacks standing to sue under the Act and that Count II cannot proceed.

iii.      Counts III and IV

The Court also finds that Counts III and IV — alleging claims for conversion and unjust enrichment — must be dismissed.  As Illinois courts have held, "[w]here a statute creates a new right unknown to the common law, and at the same time gives a remedy for its enforcement, the remedy so prescribed is exclusive." ***Hicks v. Williams*, 432 N.E.2d 1278, 1281 104 Ill. App. 3d 172 (Ill. App. Ct. 1982)**; *see also* ***Kosicki v. S.A. Healy Co.*, 44 N.E.2d 27, 29, 380 Ill. 298 (Ill.**

_____

[12] "The term 'person' includes any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof." **815 Ill. Comp. Stat. § 505/1(c)**.  "Unfair methods of competition and unfair or deceptive acts or practices . . . in the conduct of any trade or commerce are hereby declared unlawful whether any *person* has in fact been misled, deceived or damaged thereby." **815 Ill. Comp. Stat. § 505/2** (emphasis added).

1942), *Rosewell v. John H. Nalback Eng'g Co.*, 691 N.E.2d 775, 294 Ill. App. 3d 958 (Ill. App. Ct. 1997). Here, the City Ordinance does just those things; it both creates a new right unknown to the common law (the right to a tax on hotel and motel revenues) and provides a remedy for its enforcement, *see* Fairview Heights, Ill., Code § 36-2-6 ("Wherever any person shall fail to pay any tax as herein provided, the Corporation Council [sic] shall, upon the request of the City Council [sic] bring or cause to be brought an action to enforce the payment of said tax on behalf of the City in any court of competent jurisdiction."). Under Illinois law, that renders the remedy exclusive. *See* **Kosicki**, 44 N.E.2d at 29; **Hicks**, 432 N.E.2d at 1281.

Plaintiff, in opposition, argues that it should also be able to enforce its right to hotel-tax revenues via actions for conversion and unjust enrichment because those actions existed prior to the passage of the hotel tax. (Doc. 55.) The Court declines to adopt this position. The right to payment of hotel taxes is not a common-law right; rather, it was created when section 36-2 was passed. Section 36-2-6 provides the City with a complete remedy to enforce that right. Fairview Heights, Ill., Code § 36-2-6. Despite these facts, the City now seeks to obtain the same funds it could otherwise obtain though section 36-2-6 via separate claims for conversion and unjust enrichment. Under Illinois law, that is not proper. *See* **Kosicki**, 44 N.E.2d at 29; **Hicks**, 432 N.E.2d at 1281. Plaintiff's separate conversion and unjust-enrichment claims in Counts III and IV do not complement its section 36-2 claim in Count I; rather, all three claims seek the same pile of money. (*See* Doc. 2.)

Accordingly, the additional common-law remedies of conversion and unjust enrichment are unavailable to Plaintiff in this instance.[13]  *See **Kosicki**, 44 N.E.2d at 29*; ***Hicks**, 432 N.E.2d at 1281*; *contrast **Jackson v. Callan Pub'lg, Inc.**, 826 N.E.2d 413, 356 Ill. App. 3d 326 (Ill. App. Ct. 2005)* (addressing a scenario in which plaintiffs sought to enforce an already-existing right to sue for breach of fiduciary duty).

### C.   Motion to File Surreply

Finally, Plaintiff moves to file a surreply due to its assertion that Defendants' reply "contained new arguments and authorities not in their opening memorandum." (Doc. 63.)  The Court denies this motion.  Plaintiff, to begin with, neglects to identify the new arguments Defendants allegedly make.  Local Rule 7.1(c), moreover, is crystal clear: "[u]nder no circumstances will sur-reply briefs be accepted."  With this rule in mind, the Court cannot grant Plaintiff's motion.

### IV.  <u>Conclusion</u>

Therefore, for the foregoing reasons the Court **DENIES** Plaintiff's Motion to Remand.  (Doc. 54.)  Further, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss (Doc. 37), **DENYING** Defendants' motion as to Count I of Plaintiff's Complaint and **GRANTING** the motion as to Counts II, III, and IV.

---

[13] Were consumers suing Defendants here instead of the City, naturally, it would be a different story.  Here, however, the City sues entirely to recover the same funds it claims are due under section 36-2.  (*See* Doc. 2.)  Independent of that section, Plaintiff asserts no right to these funds.  (*Id.*)

Further, the Court **DENIES** Plaintiff's motion to file a surreply.  (Doc. 63.)

**IT IS SO ORDERED**.

Signed this 12th day of July, 2006.


/s/      David  RHerndon
**United States District Judge**