IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF FAIRVIEW HEIGHTS, individually and on behalf of others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>ORBITZ, INC., et.al. )<br><br>Defendants. ) | Case No. 3:05-840-DRH |

### ORDER

Before the Court is the Motion for Protective Order (Doc. 109), filed by the City of Fairview Heights on March 9, 2007; the Amended Motion for Protective Order (Doc. 110), filed by the City of Fairview Heights on March 13, 2007; and the Motion for Protective Order on Behalf of Non-Party Witness (Doc. 112), filed by Mayor Gail Mitchell on March 13, 2007. For the reasons set forth below, these motions are **DENIED**.

### BACKGROUND

Plaintiff the City of Fairview Heights, an Illinois municipality, filed this suit on behalf of a putative class of Illinois municipalities in order to redress Defendants' failure to pay taxes allegedly owed to Plaintiff City of Fairview Heights and other putative class members. Plaintiff's position, in a nutshell, is that Defendants — owners and operators of Internet travel sites [1] — unlawfully neglected to pay the full amount of hotel taxes due and owing under city ordinances. Plaintiff contends that Defendants accomplished this first by contracting with hotels

---

[1] Orbitz Inc., Orbitz LLC, Hotels.com LP, Hotels.com GP LLC, Hotwire Inc., Cheap Tickets Inc., Cendant Travel Distribution Services Group Inc., Expedia Inc., Lodging.com, LowestFare.com Inc., Maupintour Holding LLC, Priceline.com Inc., Site 59.com LLC, Travelocity.com Inc., Travelocity.com LP, Travelweb LLC, and Travelnow.com Inc.

and motels to resell their hotel rooms to consumers (at higher rates), and then by paying taxes only on the lower, contracted-for rates that Defendants paid to the hotels and motels themselves, not the higher rates paid by consumers.

The discovery in this suit has been, and likely will continue to be, contentious. This lawsuit is one of many lawsuits that allege similar conduct by the Internet travel companies and which are being defended all across the country. Defendants are more than vigorously defending these suits nationwide. The Court has been contacted on several occasions to help resolve disputes during depositions in this case and there is currently pending before the Court Defendants' Motion for Sanctions (Doc. 118), which requests sanctions against Plaintiffs for its conduct during depositions and the discovery process.

Beginning on March 9, 2007, Defendants took oral depositions in the City of Fairview Heights, deposing, among others, the Mayor of the City of Fairview Heights, Gail Mitchell. That deposition was both transcribed and videotaped. Following this deposition, the instant motions were filed, each requesting this Court to enter a protective order restricting disclosure of Mayor Mitchell's deposition testimony.

The issue before the Court is whether to issue a protective order prohibiting the disclosure of the video deposition of Fairview Heights Mayor Gail Mitchell until after the mayoral election in Fairview Heights on April 17, 2007, in which Mayor Mitchell is the incumbent candidate for mayor.[2]  The City of Fairview Heights and Mayor Mitchell argue that they fear allowing public access to this deposition testimony before the April 17, 2007, Fairview Heights election, may result in "sound bites" being used out of context in an effort to embarrass

---

[2] The election is approximately one week from the date of the order.

the mayor during the final days and weeks leading up to the election.[3] They argue that the deposition of Mayor Mitchell is not a part of the public record and should be protected.

Defendants, on the other hand, contend that they have an absolute right to disseminate the deposition, and they do not deny the assertion, which Plaintiff has made, that Defendants intend to distribute this deposition to the media in an effort to influence the election. Defendants argue that (1) as a party to the litigation, it can use the discovery material as it sees fit unless those materials are subject to a protective order, (2) that Plaintiff has failed to offer any specific factual basis to support the relief they seek, and (3) even if a sufficient factual basis was offered, a balancing of the interests should result in a denial of the motion.

## ANALYSIS

The Supreme Court has held that at common law, "pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, Gannett Co. v. DePasquale, 443 U.S. 368, 389, 99 S.Ct. 2898, 2910, 61 L.Ed.2d 608 (1979), and in general, they are conducted in private as a matter of modern practice. See, id., at 396, 99 S.Ct. at 2913 (Burger, C.J., concurring); Marcus, Myth and Reality in Protective Order Litigation, 69 CORNELL L.REV. 1 (1983)." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33, 104 S.Ct. 2199, 2207, 81 L.Ed.2d 17 (1984) (footnote omitted). This is because discovery rarely takes place in public, but rather between private litigants in private places. Id. at 33 n. 19.

However, the Seventh Circuit has stated that while "[i]t is true that pretrial discovery,

---

[3] The plaintiff's allege that the defendants' only seek to use this deposition as a part of a scorched earth policy to punish the mayor for allowing the city to sue the defendants.

unlike the trial itself, is usually conducted in private, the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944 -945 (7th Cir. 1999) (internal citations omitted).  Therefore, "[a]s a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." American Tel. & Tel. Co. v. Grady, 594 F.2d 594, 596 (7th Cir. 1979).

FED. R. CIV. P. 26(c) provides the standard in deciding whether pretrial discovery may be protected from public access:

> (c) **Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

FED. R. CIV. P. 26(C).  Rule 26(c) therefore requires a showing of good cause for a protective order "that a deposition after being sealed be opened only by order of the court" or "that ... information not be disclosed or be disclosed only in a designated way...." Fed. R. Civ. P. 26(c)(6) and (7).  If good cause does not exist within the meaning of Rule 26(c) to issue a protective order, then the presumptive right of public access controls.

The question before the Court is whether good cause exists to believe that justice requires a protective order to protect Mayor Mitchell from annoyance or embarrassment.  To determine if good cause exists to support a protective order, the court must "balance the interests involved; the harm to the party seeking the protective order, and the importance of disclosure to the public."  See Wiggins v. Burge, 173 F.R.D. 226, 229 (N.D. IL. 1997).

Defendants claim that their interest in opposing the motion for a protective order is to protect the public from being denied access to this information, in that the mayor is a public official subject to legitimate public scrutiny. They argue that "[p]rivacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny." Id. (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787-88 (3d Cir. 1995). They further argue that the public has a right to know what elected officials say in public documents in suits filed on behalf of government agencies. The Court finds Defendants' assertion of their interest disingenuous. The Court believes Defendants' entire purpose for opposing this motion, and everything that it does before this Court, is designed to help it win this lawsuit and others similar to it. The Court believes that defendants seeking to "assert the public interest of the citizenry..." is nothing more than litigation strategy. Defendants have identified no personal harm that they would suffer if the Court were to grant the request for a protective order. Instead, they hang their hat solely on the public's interest and their alleged unfettered right to do with the deposition and all other discovery material as they see fit.

Plaintiff's interest is that they seek to prevent potentially embarrassing "sound bites" from influencing the mayoral election of April 17, 2007. They allege that Defendants desire to use the deposition testimony for purposes unrelated to trial preparation or settlement, that is, to attempt to embarrass Mayor Mitchell with the purpose of influencing the impending election. It is difficult, however, for the Court to predict the harm that Plaintiff would suffer in allowing this deposition to be publicly available. While Plaintiff alleges, and Defendants have failed to deny, that Defendants intend to disseminate this testimony to the media, Plaintiff has not pointed to any specific area in the deposition that it believes would warrant a protective order to be issued.

Rather, they contend that the entire deposition should be sealed because of the possibility that sections will be taken in isolation and quoted in the media out of context. The Court believes while this creates a potential of harm to Plaintiff's interest, it is difficult for the Court to determine the level of harm that would result. Further, the Court finds that as a publicly elected official, Mayor Mitchell should have had a diminished expectation that his deposition answers would not be subject to public access.

The public's interest in this matter, however, is potentially compelling. Like all elections for public office, responsible citizens seek to learn what they can about the candidates in order to make informed decisions for whom to cast their vote. Although the public may or may not have any interest in learning the details of Mayor Mitchell's involvement in the instant lawsuit, it nonetheless is an interest not to be lightly regarded, regardless of the subjective motivations of the Defendants in bringing it to the Court's attention. While the potential harm to the public, if any, is also uncertain, the Court gives greater weight to its right to consider this information, even if it has little impact on a citizen voter's selection for mayor. However, the public interest "does not always trump the property and privacy interests of the litigants, but it can be overridden only if the latter interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." <u>Citizens First Nat. Bank of Princeton</u>, 178 F.3d at 945.

Upon weighing all of the interests involved, including that of the public, this Court finds that the requested protective order should not issue. Significant to the Court's decision is the fact that Plaintiff failed to seek a protective order before the deposition took place. Surely, both the Plaintiff and the deposed were aware of the upcoming election. There has been no

representation made to the Court that any party had an expectation that the deposition would be sealed such that the public would not have access to it. If Plaintiff was concerned about Defendants' motivation in asking certain questions in the deposition, Plaintiff was surely free to temporarily suspend the deposition and seek a protective order, which the Court would have entertained. However, this did not happen, and the cat is, so to say, out of the bag.

Without taking a position on Defendants' Motion for Sanctions (Doc. 118), the Court would be remiss if it did not take this opportunity to admonish the parties to this lawsuit for their conduct during the mayor's deposition. In reviewing the deposition transcript, the Court considered the circumstances of that deposition and notes that the deposition of the mayor was conducted in a disputatious and argumentative manner. It would be an understatement to say the tone of the deposition was unfriendly. The lawyers argued and the mayor refused on several occasions to answer questions and had to be directed by his attorney to answer. The transcript of the mayor's deposition is replete with arguments between the attorneys and threats to call the Court. The mayor, while not irate, was certainly perturbed by the defense attorney's questions, some of which the Court is at a loss to understand how they were reasonably calculated to lead to the discovery of admissible evidence in this pending litigation. In addition, the day before the mayor's deposition, the Court conducted an emergency telephonic conference with the Court to settle disputes that arose during a different deposition. **ALL** parties to this lawsuit are **CAUTIONED** that failure to follow the Federal Rules of Civil Procedure **MAY AND SHALL** lead to sanctions.

## CONCLUSION

For the forgoing reasons, the Motion for Protective Order (Doc. 109) is **DENIED**, the Amended Motion for Protective Order (Doc. 110), is **DENIED**, and the Motion for Protective Order on Behalf of Non-Party Witness (Doc. 112), is also **DENIED**.

**SO ORDERED.**

**DATED: April 11, 2007**

<u>s/ *Donald G. Wilkerson*</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**