**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CITY OF FAIRVIEW HEIGHTS,**

**Plaintiff,**

**v.**

**ORBITZ, INC. et al.,**

**Defendants.**                                              **No. 05-CV-840-DRH**

<u>**ORDER**</u>

**HERNDON, District Judge:**

       Now before the Court is an objection (Doc. 131), filed by Plaintiff and non-party witness Mayor Gail Mitchell pursuant to Local Rule of the Southern District of Illinois 73.1(a), of United States Magistrate Judge Donald Wilkerson's April 11, 2007 Order (Doc. 130).  In that Order (Doc. 130), Judge Wilkerson denied Plaintiff's Motion for Protective Order (Doc. 109), Plaintiff's Amended Motion for Protective Order (Doc. 110), and Mayor Mitchell's Motion for Protective Order on Behalf of Non-Party Witness (Doc. 112).  The protective orders were sought pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 26(c)**, which provides that a court may enter a protective order if "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . ." **FED. R. CIV. P. 26(c).** Employing a balancing test, Judge Wilkerson found that good cause did not exist to issue a protective order in this case, and, therefore, public access to the pretrial discovery should prevail. ***See American Tel.& Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979).**

Judge Wilkerson's decision was neither contrary to law nor clearly erroneous.  Accordingly, the Court declines to set aside Judge Wilkerson's Order. (Doc. 130.)  *See* **S.D. Ill. Local Rule 73.1(a)** ("A District Judge of the court shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").  Accordingly, Plaintiff and Mayor Gail Mitchell's objection to Judge Wilkerson's order is **DENIED**. (Doc. 131.)

**IT IS SO ORDERED**.

Signed this 12th day of April, 2007.

/s/        David  RHerndon
**United States District Judge**