## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CITY OF FAIRVIEW HEIGHTS,**

**Plaintiff,**

**v.**

**ORBITZ, INC. et al.,**

**Defendants.**                                    **No. 05-CV-840-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court are two motions: Plaintiff's motion for class certification (Doc. 178) and a motion to strike new argument in Plaintiff's reply in support of its motion for class certification filed by all Defendants (Doc. 236.) In addition, Defendants have filed an objection to Magistrate Judge Wilkerson's Order (Doc. 220) prohibiting Defendants from taking any depositions of Plaintiff's Aldermen. (Doc. 221.) For the following reasons, the Court denies Plaintiff's motion for class certification, grants Defendants' motion to strike Plaintiff's reply, and affirms Judge Wilkerson's Order.

### II. Background

Plaintiff, an Illinois municipality, originally brought this action in the Circuit Court of St. Clair County, Illinois. Plaintiff brought this suit on behalf of a putative class of Illinois municipalities in order to redress Defendants' failure to pay

taxes allegedly owed to Plaintiff and other putative class members. Defendants removed this action to this Court on November 28, 2005. (Doc. 1.) On July 12, 2006, the Court denied Plaintiff's motion to remand and denied in part and granted in part Defendants' motion to dismiss. (Doc. 65.) Count I, which alleges that Defendants violated **Fairview Heights, Ill., Code § 36-2-2**,[1] is the only remaining claim. In brief, Plaintiff contends that Defendants–owners and operators of Internet travel sites–unlawfully neglected to pay the full amount of hotel taxes due and owing under the City ordinance. Plaintiff contends that Defendants accomplished this first by contracting with hotels and motels to resell their hotel rooms to consumers (at higher rates), and then by paying taxes only on the lower, contracted-for rates they paid to the hotels and motels themselves, not the rates actually paid by consumers.

### III. <u>Motion for Class Certification</u>

Plaintiff moves this Court for class certification pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2)** and **(3)**. The United States Supreme Court has explicitly held that a class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," and "actual, not presumed, conformance with Rule 23(a) remains. . . indispensable."

---

[1] That provision provides as follows:

> There is hereby levied and imposed a tax of **five percent (5%)** of the rent charged for the privilege and use of renting a hotel or motel room within the City of Fairview Heights, Illinois for each **twenty-four (24)** hour period or any portion thereof for which a daily room charge is made.

**Fairview Heights, Ill., Code § 36-2-2** (emphasis in original).

***Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003)** *quoting Gen. Tele. Co. of the S.W. v. Falcon*, **457 U.S. 147, 160-161 (1982).** "A party seeking class certification bears the burden of proving that each of the requirements under Rule 23 has been met, and a failure by the movant to satisfy any one of these prerequisite elements precludes certification." ***Westefer v. Snyder*, Civil Nos. 00-162-GPM, 00-708-GPM, 2006 WL 2639972, at \*2 (S.D. Ill. Sept. 12, 2006) (citations omitted).** A district court judge need not accept all allegations as true and may consider the merits if there are conflicting factual or legal issues, ***see Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001)**. Moreover, a court has broad discretion to determine whether a proposed class meets the Rule 23 certification requirements. ***General Tel. Co. of S.W. v. Falcon,* 457 U.S. 147, 160 (1982); *Trotter v. Klincar,* 748 F.2d 1177, 1184 (7th Cir. 1984).**

### A. Prerequisites to Class Certification

In order to certify a class, a court must determine whether the requirements of **Rule 23(a)** have been met: 1) the class is so numerous that joinder of all members is impracticable ("numerosity"); 2) there are questions of law or fact common to the class ("commonality"); 3) the claims or defenses of the representative are typical of the claims or defenses of the class; ("typicality"); and 4) the representative parties will fairly and adequately protect the interests of the class ("adequacy"). **FED. R. CIV. P. 23(a)**.

However, courts have implied two other prerequisites to class

certification that must be satisfied prior to even addressing the requirements of Rule 23(a): (1) the class must be sufficiently defined so that the class is identifiable; and (2) the named representative must fall within the proposed class. ***Alliance to the End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977)**. Proper identification of the proposed class serves two purposes. First it alerts the court and the parties to the potential burdens class certification may entail. ***Simer v. Rios*, 661 F.2d 655, 670 (7th Cir. 1981).**

"It is absolutely necessary that for a class action to be certified, the class must be susceptible to a precise definition. Therefore, the class definition must be sufficiently definite so that it is administratively feasible for the Court to determine whether a particular individual is a member of the proposed class." ***Clay v. American Tobacco Co.*, 188 F.R.D. 483, 490 (S.D. Ill. 1999).** "Furthermore, for a class to be sufficiently defined, the identity of the class members must be ascertainable by reference to objective criteria ." ***Id.* (citation omitted)**.

### 1. Class Definition

The Complaint (Doc. 2), Plaintiff's motion for class certification (Doc. 178), and Plaintiff's memorandum in support of its motion for class certification (Doc. 179) all seek to certify a class defined as: "All taxing authorities in the State of Illinois authorized to impose a tax upon persons engaged in the business of renting, leasing or letting rooms in a hotel or motel on the gross rental receipts from such renting, leasing or letting." Defendants' response in opposition (Doc. 224) argues

that this definition is fatal for two reasons: 1) Plaintiff is not a member of the proposed class; and 2) the proposed class is overbroad and unworkable. The Court agrees and by the fact that Plaintiff attempted to amend its proposed definition in its reply, it appears that even Plaintiff is persuaded by Defendants' arguments.

First, Defendants correctly assert that Plaintiff's class definition actually excludes Plaintiff as a class member. By its very language, the class definition includes only taxing authorities who impose an occupation tax, not taxing authorities, like Plaintiff, who impose a use tax. Obviously, the class must fail on this ground alone. Alternatively, the class definition is insufficient because Plaintiff has opened the class up to all taxing authorities who are *authorized* to impose an occupation tax. As Defendant convincingly argues, this definition would include class members who are authorized to impose the tax, but who have not, and therefore, have not suffered any harm. Including such class members would be inappropriate. The definition is overly-broad and must fail on this ground, as well. Having found that Plaintiff's definition does not satisfy even the most basic prerequisites, the Court need not consider the factors under **Rule 23(a)**.

In Plaintiff's reply (Doc. 232), Plaintiff proffered an entirely new class definition in an attempt to address the problems Defendants identified in their memorandum in opposition to class certification. Plaintiff attempted to amend the class definition to read as follows: "All taxing authorities in the State of Illinois who (a) impose a tax upon the privilege and use of renting a hotel or motel room; or (b) impose a tax on persons engaged in the business of renting, leasing, or letting rooms

in a hotel or motel; and, which tax is a percentage of the amount charged the renter for the room and is to be collected and remitted by persons who receive the consideration for the rental of such hotel or motel room." (Doc. 232, p. 2.) In addition, Plaintiff argued that if the Court found that Plaintiff could not adequately represent both classes under subsections (a) and (b) that it would request that the Court certify the class under subsection (a) only.

Defendants filed a motion to strike this new definition arguing that it would be unfair and highly prejudicial to allow Plaintiff to amend its definition of the proposed class in its reply brief, especially since **SDIL-LR 7.1(c)** prohibits sur-replies, making it impossible for Defendants to offer any arguments in response to this new class definition. (Doc. 236.) The Court agrees.

As a general rule, the Court will not consider arguments or evidence raised for the first time in a reply brief. It is the practice of this Court, as Defendants point out, to strike this type of newly-raised material, unless there is some legitimate reason why the argument or evidence could not have been raised earlier. Plaintiff filed this case over two years ago and has been actively litigating it ever since. Plaintiff seeks to modify the class definition now only in response to Defendants' convincing arguments that Plaintiff's initial class definition fails for multiple reasons. It would be unfair for the Court to allow the amended definition to stand without giving Defendants the opportunity to respond. This type of endless back-and-forth is precisely the reason why the Court does not allow new issues in reply briefs and sur-replies. At this point, the class definition should not be a moving target.

Therefore, the Court **GRANTS** Defendants' motion to strike. (Doc. 236.) The Court will not consider the class definition Plaintiff proposes in its reply.

That being said, the Court wishes to inform the parties that he believes that even if the new class definition were under consideration, the Court would ultimately reach the same conclusion. Here, the Court is not convinced that there are questions of law or fact common to all members of the proposed class. Even if Plaintiffs were able to establish the existence of any common questions, however, such common questions would not predominate over the numerous individual questions. Accordingly, the Court would still find that this case is not manageable as a class action.

Regardless of the precise definition, the Court finds that the class that Plaintiff is attempting to certify is unmanageable for many of the reasons discussed in Defendants' memorandum in opposition to class certification. While some of the ordinances may be similar, the Court is convinced after reviewing the briefs and exhibits offered in support by each party, that many of the ordinances are quite different. Specifically, the Court is concerned that the differences regarding who may collect the tax and the two types of taxes (use v. occupation) will raise questions of law that will require an inquiry into the specifics of the ordinances of individual taxing authorities. Further compounding the Court's manageability concerns are the individual inquiries that may be necessary to establish each class member's right to obtain relief. The Court believes that the calculation of individual damages will be unwieldy given the variances in penalty provisions.

## IV.  Conclusion

Having found that Plaintiff has failed to precisely identify a class of which it is a member, and that even if the class definition were amended that the case would be unmanageable as a class action, the Court hereby **DENIES** Plaintiff's Motion for Class Certification. (Doc. 178.)  Further, the Court **GRANTS** Defendants' motion to strike. (Doc. 236.)

**IT IS SO ORDERED**.

Signed this 31st day of March, 2008.

/s/    David R Herndon

**Chief Judge**
**United States District Court**