## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CITY OF FAIRVIEW HEIGHTS,**

**Plaintiff,**

**v.**

**ORBITZ, INC. et al.,**

**Defendants.**                                        **No. 05-CV-840-DRH**

## <u>ORDER</u>

**HERNDON, Chief Judge:**

       Now before the Court is an objection (Doc. 221) filed by Defendants pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 72(a)** and **LOCAL RULE OF THE SOUTHERN DISTRICT OF ILLINOIS 73.1(a)**.  Defendants object to United States Magistrate Judge Donald Wilkerson's Order (Doc. 220) granting Plaintiff's motions to prohibit Defendants from taking the depositions of Plaintiff's Aldermen.  In that Order (Doc. 220), Judge Wilkerson granted Plaintiff's motions to quash subpoenas (Docs. 150-158).  The protective orders to quash the subpoenas were sought pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 26(c)**, which provides that a court may enter a protective order if "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . ." **FED. R. CIV. P. 26(c).**  Guided by **FEDERAL RULE OF CIVIL PROCEDURE 26(b)(2)(C)**[1] and with

---

[1] **Rule 26(b)(2)(C)** provides that the court **must** limit the frequency or extent of discovery if:

    (i) The discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or

careful consideration of the arguments proffered by Plaintiff and Defendants, Judge Wilkerson concluded that the depositions sought by Defendants did not seek relevant evidence, were not likely to lead to admissible evidence, and that the burden or expense of taking the depositions far outweighed the benefits. "In the end, the Court is left with the firm impression that there is very little, if any, relevant evidence sought through these depositions." (Doc. 220, p. 6.)

Judge Wilkerson's decision was neither contrary to law nor clearly erroneous. Accordingly, the Court declines to set aside Judge Wilkerson's Order. (Doc. 130.) *See* **S.D. Ill. Local Rule 73.1(a)** ("A District Judge of the court shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."). In addition, the Court notes that Defendants primarily argue that the testimony sought was relevant to the Court's consideration of Plaintiff's motion for class certification. Defendants argued that the Aldermen had information relevant to: "(1) whether Plaintiff is an appropriate class representative; (2) whether Plaintiff's counsel is adequate legal counsel for the class; and (3) whether this lawsuit is authorized to proceed as a class action case, if at all." (Doc. 221, p. 10.) In fact, the Court found in favor of Defendants on the issue of class certification and on grounds completely separate and unrelated to the arguments

---

less expensive;
(ii) The party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
(iii) The burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

above.  Accordingly, Defendants' objection to Judge Wilkerson's order is **DENIED**.

(Doc. 221.)

**IT IS SO ORDERED**.

Signed this 3rd day of April, 2008.

/s/        *David R. Herndon*

**Chief Judge**
**United States District Court**